**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 30, 2022

LETTER TO COUNSEL

RE:   *Clarence M. v. Commissioner, Social Security Administration*
        Civil No. SAG-21-2163

Dear Counsel:

On August 23, 2021, Plaintiff Clarence M., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits.  ECF No. 1.  I have considered Plaintiff's motion for summary judgment, the SSA's motion for summary judgment, and Plaintiff's response.  ECF Nos. 14, 15, 17.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Plaintiff filed his claim for benefits on November 10, 2015, alleging a disability onset date of March 25, 2015.  Tr. 159-60.  His claim was denied initially and on reconsideration.  Tr. 93-96, 98-99.  On June 8, 2018, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 29-66. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 9-28.  After the Appeals Council denied Plaintiff's request for review, Tr. 1-6, this Court remanded the case due to inadequate analysis. Tr. 537-42.  On January 13, 2021, an ALJ held another hearing, Tr. 460-98, and again determined that Plaintiff was not disabled.  Tr. 437-59.  The Appeals Council denied Plaintiff's request for review, Tr. 430-36, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "diabetes, hypertension, and obesity."  Tr. 443.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) EXCEPT: could never climb ladders, ropes, or scaffolds and could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; would have to avoid concentrated exposure to

*Clarence M. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2163
March 30, 2022
Page 2

> extreme cold, extreme heat, wetness, excessive vibration, hazardous moving
> machinery, and unprotected heights.

Tr. 448.  The ALJ determined that Plaintiff was unable to perform past relevant work as a composite of sales representative (food products) and route sales driver, route sales driver, or shuttle bus driver, but after considering the testimony of a vocational expert ("VE"), found that Plaintiff could perform other jobs existing in significant numbers in the national economy.  Tr. 451-52.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 452-53.

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings).  For the reasons described below, the ALJ's decision applied the correct legal standards, and his conclusions are supported by substantial evidence.

Before reviewing the ALJ's decision in Plaintiff's case, it is worth explaining that the standard of review in any Social Security appeals case is couched in federal statute and case law.  Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  As explained by the Fourth Circuit:

> Under the Social Security Act, [the court] must uphold the factual findings of the
> Secretary if they are supported by substantial evidence and were reached through
> application of the correct legal standard.  42 U.S.C. §§ 405(g), 1383(c)(3); *Coffman
> v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).  Substantial evidence is "such relevant
> evidence as a reasonable mind might accept as adequate to support a conclusion,"
> *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co.
> v. NLRB,* 305 U.S. 197, 229 (1938)); "[i]t consists of more than a mere scintilla of
> evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*,
> 368 F.2d 640, 642 (4th Cir.1966).  In reviewing for substantial evidence, we do not
> undertake to re-weigh conflicting evidence, make credibility determinations, or
> substitute our judgment for that of the Secretary.  *Hays v. Sullivan*, 907 F.2d 1453,
> 1456 (4th Cir.1990).  "Where conflicting evidence allows reasonable minds to
> differ as to whether a claimant is disabled, the responsibility for that decision falls
> on the Secretary (or the Secretary's designate, the ALJ)."  *Walker v. Bowen*, 834
> F.2d 635, 640 (7th Cir.1987).  The issue before us, therefore, is not whether
> [Plaintiff] is disabled, but whether the ALJ's finding that [he] is not disabled is
> supported by substantial evidence and was reached based upon a correct application
> of the relevant law.  *See Coffman*, 829 F.2d at 517.

*Craig*, 76 F.3d at 589.  In other words, a court does not review the evidence afresh; rather, it reviews the decision of the ALJ and evaluates whether the ALJ's decision is supported by the

*Clarence M. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2163
March 30, 2022
Page 3

record.  *See Theresa S. v. Saul*, Civil No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. Jan. 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*, "or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner").

In Plaintiff's case, the ALJ proceeded in accordance with applicable law.  *See* 20 C.F.R. § 404.1520(a) (describing the SSA's five-step sequential evaluation for determining disability). First, the ALJ ruled in Plaintiff's favor at step one, determining that Plaintiff had not engaged in substantial gainful activity since his application date.  Tr. 442; *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Plaintiff claimed prevented him from working, finding Plaintiff's physical impairments severe but his mental impairments non-severe.  Tr. 443-47; *see* 20 C.F.R. § 404.1520(a)(4)(ii).  The ALJ properly employed the special technique to assess the severity of Plaintiff's mental impairments, finding that Plaintiff had mild limitation in the four functional areas: 1) understanding, remembering or applying information; 2) interacting with others; 3) concentrating, persisting or maintaining pace; and 4) adapting or managing oneself.  Tr. 444-47; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00.

Additionally, at step two, the ALJ included significant detail regarding Plaintiff's medical records, treatment history, and medical opinions related to his mental impairments.  Tr. 444-47. Plaintiff maintains that the ALJ did not inquire regarding Plaintiff's mental health history during the hearing and overlooked Alla Taller, M.D.'s finding that "[h]e exhibited significant psychomotor retardation and responded in slow manner" and had a depressed mood.  Tr. 393.  The ALJ discussed, however, that while Plaintiff presented with a depressed mood at this examination, his examination was otherwise normal and his other mental examinations on record were also normal.  Tr. 444-45.  While the state agency psychiatrist found Plaintiff to have a moderate limitation in interacting with others, the ALJ explained that this was unpersuasive because it was not consistent with Plaintiff's treatment records, conservative treatment, activities of daily living, and level of functioning after being prescribed Zoloft.  Tr. 445-46.  The ALJ also considered the medical opinion of Plaintiff's treating physician Manpreet Singh, M.D., but found it to be unpersuasive because it was not consistent with Plaintiff's "uniformly normal" mental examination treatment records with Dr. Singh.  Tr. 446-47.  Plaintiff's argument that the ALJ failed to consider Dr. Singh's opinion is unavailing given this analysis.

Plaintiff also argues that the ALJ failed to inquire regarding Plaintiff's mental health conditions during the hearing.  ECF No. 14 at 9.  At the beginning of the hearing, however, Plaintiff's attorney discussed Plaintiff's mental conditions at length and questioned Plaintiff regarding these conditions.  Tr. 464-65, 483-84.  Plaintiff maintains that the ALJ mistakenly stated that Plaintiff's major depressive disorder was a new diagnosis in 2016 because Plaintiff received counseling as early as 2013.  ECF No. 14 at 9.  There is no documented diagnosis of depression included in Plaintiff's records that dates back to 2013.  Additionally, Plaintiff's attorney at the hearing acknowledged that Plaintiff participated in counseling in 2013 but was not diagnosed with depression until 2016.  Tr. 464-65.

*Clarence M. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2163
March 30, 2022
Page 4

At step three, the ALJ determined that Plaintiff's physical impairments did not meet or medically equal the criteria of any listings. Tr. 447; *see* 20 C.F.R. § 404.1520(a)(4)(iii). In order to meet the requirements of a listed impairment, the plaintiff must meet all of the elements of the listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Hays*, 907 F.2d at 1456-58. The ALJ considered Plaintiff's severe impairments of diabetes, hypertension, and obesity, but determined that no listings were applicable to Plaintiff's conditions.

Before continuing to step four, the ALJ evaluated Plaintiff's residual functional capacity ("RFC") by assessing the extent to which his impairments limited his ability to work. A plaintiff's RFC represents "the most he can still do despite his limitations." 20 C.F.R. § 404.1545(a)(1). When performing an RFC assessment, an ALJ is tasked with considering all relevant evidence, including a plaintiff's medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2; *see also* 20 C.F.R. §§ 404.1529, 404.1545.

Here, the ALJ summarized Plaintiff's subjective statements and testimony, treatment records, and medical opinions. Tr. 448-51. The ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that his testimony as to the intensity, persistence, and limiting effects of his symptoms was "not entirely consistent with the medical evidence and other evidence in the record." Tr. 448-49; *see Chater*, 76 F.3d at 594 (explaining the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints).

The ALJ reviewed the medical evidence, including Plaintiff's treatment records for diabetes, hypertension, obesity, and walking difficulty. Tr. 449-50. The ALJ summarized these records, concluding that:

> [T]he totality of the medical evidence, including the unremarkable lab work, positive response to conservative treatment, and numerous observations of [Plaintiff] with generally normal physical findings with few issues with gait or strength during the period at issue, the record does not support debilitating physical symptoms. Nevertheless, the record does include clear diagnoses and consistent treatment for his physical impairments, which when providing [Plaintiff] the upmost benefit of the doubt regarding his symptoms that can reasonably be supported by the objective medical evidence, supports some limitations.

*Id.* Plaintiff argues that the ALJ failed to consider Plaintiff's complaints of fatigue, dizziness, and use of a cane. ECF No. 14 at 1-2. The ALJ did mention that Plaintiff complained of fatigue when reviewing his testimony. Tr. 448. Plaintiff did not mention that he experienced dizziness or that he used a cane during the most recent hearing, although Plaintiff's attorney did note in the 2018 hearing that Plaintiff used a cane for dizziness. Tr. 35. Plaintiff's records do not indicate a risk

*Clarence M. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2163
March 30, 2022
Page 5

for dizziness or falls.  For example, records from July 2013, April 2019, and April 2020 state that Plaintiff denied dizziness and did not have any fall risks.  Tr. 724, 819, 824.  A consultative examination from July 2016 notes that Plaintiff does not need an ambulatory aid, although a psychiatric consultative examination from the same month indicated that Plaintiff was using a cane due to muscle stiffness.  Tr. 360, 393.  Plaintiff also maintains that, due to his age and racial heritage, he is at a higher risk for several health conditions.  ECF No. 14 at 3-4.  While this unfortunately may be true, SSA does not consider general statistics regarding a person's age or racial heritage when making a decision regarding a person's RFC.  Instead, each decision is based solely on the individual person's specific medical conditions and symptoms that affect their ability to work.  *See* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at \*1 (July 2, 1996) ("The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms.  Age and body habitus are not factors in assessing RFC.").  Therefore, I find that the ALJ properly addressed Plaintiff's impairments.

Finally, the ALJ assigned weight to the opinions rendered by examining and non-examining medical sources.  The ALJ found the initial and reconsideration level opinions of the State agency medical consultants to be "afforded modest weight," but did not agree with their determination that Plaintiff had no severe physical limitations and stated that "the combined effect of [Plaintiff's] impairments support some limitations."  Tr. 450.  The medical opinions of David Wilsey, PT; Cassy Menezes, PT; Anchinlema Tassew, MSPT; Sam Marco, M.D.; and Hiep Truong, PA-C were noted, but the ALJ found that they all occurred following a work injury on March 10, 2015.  Tr. 450.  As noted by the ALJ, PA Truong found that Plaintiff could return to full work as of March 27, 2015.  Tr. 287, 450.  The ALJ also afforded the medical opinion of Jacinth Brooks, M.D., little weight because the opinion was vague.  Tr. 450.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *See Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *Hays*, 907 F.2d at 1456.  In considering the entire record, and given the evidence outlined above, I find that the ALJ supported the RFC determination with substantial evidence.

At steps four and five, the ALJ, relying on the vocational expert's (VE's") testimony, determined that Plaintiff was unable to perform his past relevant work as a composite of sales representative (food products) and route sales driver, route sales driver, or shuttle bus driver.[1]  Tr. 451; *see* 20 C.F.R. § 404.1520(a)(4)(iv).  However, in accordance with the VE's testimony that Plaintiff had acquired relevant transferrable work skills from past relevant work, the ALJ determined that a person with Plaintiff's RFC could perform as a sales representative (food

---

[1] Plaintiff argues that the ALJ improperly found he could perform his past relevant work.  ECF No. 14 at 1-2.  The ALJ, however, determined that Plaintiff could not perform his past relevant work, so the Court does not need to address this argument.

*Clarence M. v. Commissioner, Social Security Administration*
Civil No. SAG-21-2163
March 30, 2022
Page 6

products).  Tr. 452.  Tr. 451-52; U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 260.357-014 (4th ed. 1991).  Because the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, he appropriately concluded that Plaintiff was not disabled under Social Security law.  Tr. 452-53; *see* 20 C.F.R. § 404.1520(a)(4)(v) ("If you can make an adjustment to other work, we will find that you are not disabled.").

Plaintiff argues that the 38,000 sales representative (food products) jobs identified by the ALJ in step five does not constitute a significant number in the national economy.  ECF No. 17 at 4-5.  However, the relatively small number of positions would not render those representative jobs meaningless, because the Fourth Circuit has allowed very small numbers to fulfill the requirement of "significant numbers in the national economy."  *See Hicks v. Califano*, 600 F.2d 1048, 1051 n.2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number); *Hodges v. Apfel*, No. 99-2265, 2000 WL 121251, at *1 (4th Cir. Jan. 28, 2000) (finding 153 jobs to be a significant number); *see also Lawler v. Astrue*, No. BPG-09-1614, 2011 WL 1485280, at *5 (D. Md. Apr. 19, 2011) (finding that the fact that there were only 75-100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy.").  Therefore, I find that the ALJ's step five determination is supported by substantial evidence.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED, Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge

6